FILED

2011 APR 20 PM 2: 41

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER DRZIK, on his own behalf
and all similarly situated individuals,

    Plaintiff,

v.

THE HASKELL COMPANY, a Foreign
Profit Corporation

    Defendant.
_____/

CASE NO.:

3:11-cv-379-J-32mcr

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER DRZIK ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, THE HASKELL COMPANY, a Foreign Profit Corporation ("HC") ("Defendant") and in support thereof states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be a resident of Lee County, Florida.

5. At all times material hereto "HC" was a Foreign Profit Corporation. Further, at all times material hereto, "HC" was engaged in business in Florida, with a principal place of business in Duval County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

8. Plaintiff was an "assistant superintendant" for Defendant but would also perform carpentry work when needed.

9. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

10. Defendant was, and continues to be, an "employer" within the meaning of FLSA.

11. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

12. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

14. Defendant bills itself as "America's Design-Build Leader."

15. Defendant has completed construction projects across the U.S. including Virgina,

North Carolina, California, Tennessee, Alabama and Florida.

16. At all times material hereto, Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

17. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

18. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

19. The additional persons who may become plaintiffs in this action are/were "assistant superintendants" for Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

20. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

21. Defendant hired Plaintiff to work as a "assistant superintendant" from July 1987 through February 2011.

22. As an assistant supervisor, Plaintiff's primary duty was the supervision of other workers on site.

23. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week.

24. From 2008 through 2010, Plaintiff was placed on construction jobs where he acted

as both a superintendant and a carpenter.

25. In 2008, Plaintiff helped construct a school in Pembroke Pines, Florida where his primary duty was manual labor and carpentry work.

26. From November 2008 through July 2009, Plaintiff worked on a naval job in Norfolk, Virginia where his primary duty was manual labor and carpentry work.

27. From November 2009 through July 2010, Plaintiff worked on an aviation job for Spirit Airlines in Kinston, North Carolina where his primary duty was manual labor and carpentry work.

28. From at least 2008 and continuing through February 2011, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week, when Plaintiff's status was non-exempt based on his job duties during those times. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

29. Defendant has violated Title 29 U.S.C. §207 from 2008 and continuing through February 2011, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the

30. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## OVERTIME COMPENSATION

31. Plaintiff realleges and reavers paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. From at least 2008 and continuing through February 2011, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

33. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

34. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

35. While Defendant kept time records for other employees working on job sites with Plaintiff, it maintained no records of hours worked by Plaintiff while working at the sites.

36. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

37. Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

39. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

40. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

41. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant has failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

42. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the

...

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Issue an Order as soon as is practicable, authorizing Plaintiff to send Notice of the instant lawsuit to all similarly situated assistant superintendants employed by Defendants within the past 3 years; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this \_\_\_ day of April 2011.

Respectfully submitted,

_____
Richard Celler, Esq.
FL Bar No.: 173370
MORGAN & MORGAN
6824 Griffin Road
Davie, Fl. 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: rceller@forthepeople.com

Trial Counsel for Plaintiff