UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER DRZIK, on his own behalf
and all similarly situated individuals,

    Plaintiff,

v.                                    CASE NO.:   3:11-cv-00379-TJC-MCR

THE HASKELL COMPANY, a Foreign
Profit Corporation

    Defendant.
_____/

**PLAINTIFF'S MOTION TO DISMISS
CERTAIN AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to the Federal and Local Rules of Civil Procedure, Plaintiff, CHRISTOPHER DRZIK ("Plaintiff"), requests the entry of an Order Dismissing certain Affirmative Defenses based upon the heightened pleading standards required by the Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  In support of this Motion, Plaintiff states as follows:

**SUMMARY OF THE ARGUMENT**

The *Twombly* and *Iqbal* decisions require a more detailed articulation of a parties' claims or defenses in pleadings. *See id.*  To that end, Federal Rule of Civil Procedure 12(b)(6) compliments this heightened pleading standard by permitting this Court to dismiss claims for "failure to state a claim upon which relief can be granted."

Here, Defendant asserted certain "bare bones" Affirmative Defenses in their Answer that are factually and legally deficient as pled. That is, as discussed below, Defendant's' affirmative defenses are merely stated as legal conclusions without any supporting facts or statement of necessary elements of the defenses. Because these affirmative defenses, as pled, fail to provide Plaintiff with proper factual or legal notice to determine the underlying and specific basis of Defendant's' contentions, prevailing case law dictates that such defenses should be dismissed as a matter of law.

## FACTUAL BACKGROUND

1. Plaintiff brings this action on behalf of himself and others similarly situated to recover unpaid wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"). *See* [DE-1].

2. Specifically, Plaintiff asserted that Defendant, THE HASKELL COMPANY ("Defendant") failed to properly pay him, and other employees similarly situated, for all hours worked in excess of forty (40) within a work week. *See id.*

3. On May 19, 2011, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint. *See* [DE-6].

4. Defendant's First Affirmative Defense states that, "Plaintiff's complaint fails to state a claim upon which relief can be granted." *See id.*

5. Defendant's Third Affirmative Defense states that, "Plaintiff's claims are barred because Defendant has at all times relevant to this action acted in good faith and in conformity with, and in reasonable reliance on, written and oral representations, interpretations, and/or rulings of the Wage and Hour Administrator." *See id.*

6. Defendant's Fifth Affirmative Defense states that, "Plaintiff's claims, and the claims of classes of persons Plaintiff purports to represent, the existence of which is expressly denied, are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in the FLSA, 29 U.S.C. §207." *See id.*

7. Defendant's Fourteenth Affirmative Defense states that, "To the extent Plaintiff seeks recovery of attorneys' fees, Plaintiff and the classes of persons Plaintiff purports to represent, the existence of which are expressly denied, are not entitled to such recovery." *See id.*

8. None of the aforementioned defenses contain any specificity or factual support to allow Plaintiff sufficient notice as to what is being alleged by the Defendant, other than conclusory allegations and they are, therefore, legally insufficient. If Plaintiff's Complaint were pled in this manner, it would surely be dismissed as insufficient as a matter of law.

## MEMORANDUM OF LAW

### I. Motion to Dismiss Standard

Rule 8 of the Federal Rules of Civil Procedure sets out the requirements for a pleading. The Supreme Court has further made clear that "'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements and a cause of action will not do." *Twombly*, 127 S. Ct. at 1965. The Supreme Court further stated that a departure from the "hyper-technical, code-pleading regime of a prior era" does not unlock the doors when a party is "armed with no more than conclusions." *Iqbal*, 129 S. Ct. at 1950 (2009).

Since the Supreme Court's heightening of the pleading standards in *Twombly* and *Iqbal*, other courts have held that these standards *must* not only be applied to a plaintiff's

complaint, but to a defendant's answer. *See U.S. v. Quadrini*, 2007 WL 4303213 at *4 (E.D. Mich. 2007).  Thus, like complaint allegations, a defense alleged by a defendant must also contain a "short and plain statement" of the claimed defense. *See Neuman v. CTRL Systems, Inc.* 2009 WL 4730722 *2 (S.D. Fla. 2009). These short and plain statements by defendant must be sufficient to "… provide 'fair notice' of the defense and 'the grounds upon which it rests.'" *Id.* (*citing Conley v. Gibson*, 78 S.Ct. 99 (1957)).

Thankfully, courts are now examining a defendant's pleadings with the same careful eye as they do a plaintiff's complaint to ensure that boilerplate labels and conclusions are not the sole basis for the requested relief. *See Shinew v. Wszola*, 2009 WL 1076279 (E.D. Mich. 2009)(rejecting defendant's pleading and stating that "the Supreme Court has established a general standard of pleading matters upon which the pleader assumes the burden of proof"); *Castillo v. Roche Laboratories, Inc.* 2010 WL 3027726 (S.D. Fla., Aug. 2, 2010)(stating that a majority of the courts have held defendants to the heightened pleading standard under *Twombly*, and then holding that certain of defendant's affirmative defenses were "bare bones" and "conclusory" and thus insufficient); *Palmer v. Oakland Farms, Inc.*, 2010 WL 2605179 (W.D.Va. 2010)("it neither makes sense nor is it fair to require a plaintiff to provide a defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case"); *United States v. Brink*, 2011 WL 835828 (S.D. Tex. 2011)(in *dismissing* the defense of equitable estoppel, the court found the defendant's failure to allege any affirmative misconduct, a necessary element for the defense, left this claim as insufficiently pled); *HCRI TRS Acquirer, LLC v. Iwer,* 708 F. Supp.2d. 687 (N.D. Ohio 2010)(in finding that pleading standard is the same for affirmative defenses as

4

claims for relief, the court held that defendant's third affirmative defense was boilerplate and did not meet the requirements of *Twombly*); *Torres v. TPUSA, Inc.*, 2009 WL 764466 (M.D. Fla. 2009)(because the plaintiff's Motion to Strike was untimely, the court exercised its power under Rule 12(f)(1) and *on its own* found 12 of defendant's 19 affirmative defenses to be deficient).

The old expression states that what's "good for the goose is good for the gander." Courts around the country are adopting this adage in scrutinizing and dismissing affirmative defenses pled in a shotgun and conclusory manner. Defendant's shotgun and conclusory allegations pled here are no different, and must be dismissed as a matter of law.

**II.   Defendant's First, Third, Fifth, And Fourteenth Affirmative Defenses Should Be Dismissed**

    **A.   Defendant's First Affirmative Defense: Failure to State a Claim**

In their first defense, the Defendant alleges "Plaintiff's Complaint fails to state a claim upon which relief can be granted." [DE-6]. There is nothing more than those thirteen words asserted. There is absolutely no indication of how the 7-page Complaint filed by Plaintiffs, which specifically pleads each and every element of an FLSA claim in detail, is lacking in its prayer for relief. Without a plausible basis under *Twombly*, a bare assertion that there is a failure to state a claim is insufficient. *See Torres v. TPUSA*, 2009 WL 764466 (M.D. Fla. 2009); *see also Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, at *1 (S.D.Fla. 2010); *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397, at *4 (S.D.Fla. 2009)(striking affirmative defenses which simply denied Plaintiff's claim or a portion thereof); *see also Lima v. Heng Xian, Inc.*, 0:09-cv-61422 (S.D.Fla. December 18, 2009) (same).

Furthermore, by its very definition, "[a]n affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.,* 647 F.Supp. 544, 547 (S.D.Ga. 1986).  Thus, a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988). As other Courts have taken stricken such defenses, in order to level the playing field, this Court should dismiss this defense in the same way that a Complaint with such bare language would be dismissed.

### B.   Defendant's Third Affirmative Defense: Good Faith Reliance

The Defendant's Third Affirmative Defense indicates that Plaintiffs' claims are barred because the Defendants were acting in good faith and "in conformity with, and in reasonable reliance on, written and oral representations, interpretations, and/or rulings of the Wage and Hour Administrator." [DE-6].  There is no further information pled as to how or why the Defendant was acting in good faith nor is there any specific information as to what the Defendants reasonably relied upon. *See id.*  This conclusory statement, without more, is insufficient as it lacks sufficient factual details to support the allegations of "good faith." *See Neuman v. CTRL Systems, Inc.*, 2009 WL 4730722, at *4 (S.D. Fla. 2009) (striking Defendant's conclusory affirmative defense stating, "[a]t all times relevant, the Defendants' actions or omissions were in good faith and in compliance with all applicable statutes and regulations, and they had reasonable grounds to believe that their actions, or their failures to act, did not violate the FLSA."); *Lopez v. Leg. A. Sea Distribution Services, LLC,* 2010 WL 3767171, at *2 (S.D. Fla. 2010) (the defendant's failure to provide any factual support in

6

supporting a good faith defense rendered the defense legally invalid); *See also Jorge v. Sunnyside Apartments, Inc.*, 2007 WL 4150596 (M.D. Fla. 2007)(striking a defendant's affirmative defenses because of a failure to "allege any facts to support such a defense and to give Plaintiff fair notice of the grounds on which it rests").

The Defendant's use of mere conclusions fails the pleading standards articulated in *Iqbal* and *Twombly*, *supra*. Defendants should be required to articulate the factual basis for this defense in its Answer so that Plaintiff can conduct focused and specific discovery regarding Defendant's contentions, rather than taking a "buckshot" approach and guessing at what Defendants mean. To permit same to stand, would be contrary to the letter and spirit of the Supreme Court's precedent.

### C. Defendant's Fifth Affirmative Defense: Exemptions, Exclusions, Exceptions or Credits

Defendant's Fifth Affirmative Defense indicates that Plaintiff's claims are barred because of "exemptions, exclusions, exceptions, or credits provided in the FLSA, 29 U.S.C. §207." This affirmative defense should be stricken because it fails to allege any facts or give any kind of specificity which would put Plaintiff on notice of the basis of Defendant's claim. Inasmuch as Section 207 includes exemptions and exceptions under theories of collective bargaining agreements, employees paid by the piece, employment by public agency engaged in fire protection or law enforcement activities, employment in domestic service, employment in the tobacco industry, the retail exemption, and a litany of other exemptions and exceptions to the FLSA, such a broad assertion, essentially that Plaintiff's claims are barred under some non-specific theory of exemption, fails to put Plaintiff on notice of what "exemptions, exclusions, exceptions, or credits" Defendant is, in fact, asserting.

A bare and conclusory allegation, without more, must be dismissed since it lacks any of the essential information to state a defense to Plaintiffs claims. *See Neuman v. CTRL Systems, Inc.*, 2009 WL 4730722. In reading this defense, Plaintiffs are without any kind of notice as to what the Defendant is alleging. This is precisely the kind of boilerplate affirmative defense that can result in discovery on a meritless claim. *See HCRI TRS Acquirer, LLC v. Iwer,* 708 F. Supp.2d. 687 (N.D. Ohio 2010). Because this defense lacks any information to show its plausibility, it should be dismissed.

### D. Defendant's Fourteenth Defense: No Entitlement to Attorneys' Fees

Defendant also contends that Plaintiff is not entitled to attorneys' fees. The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). There is no authority for denial of such fees and as such, this defense should be dismissed. *See Romero v. Southern Waste Systems, LLC*, 619 F.Supp.2d 1356, (S.D. Fla. 2009).

### CONCLUSION

As a matter of both law and fact, Defendant's First, Third, Fifth, and Fourteenth Affirmative Defenses are legally and factually insufficient. Therefore, for the reasons articulated above, Plaintiff respectfully requests that these defenses be dismissed. In the alternative, Plaintiff requests that the Court strike these inadequate defenses pursuant to Federal Rule of Civil Procedure 12(f) if it does not dismiss them for failure to state a claim.[1]

---

[1] Some Courts have opted to treat Motions to Dismiss filed under Fed.R.Civ.P. 12(b)(6) as a Motion to Strike under Fed.R.Civ.P. 12(f). *See Curry v. High Springs Family Practice Clinic*, 2008 WL 5157683 *2 (N.D. Fla. 2008). *See also United States v. Brink*, 2011 WL 835828 *2 (S.D. Tex. 2011)(Rule 12(c) Motion for Judgment on the Pleadings treated as a Motion to Strike).

## CERTIFICATION OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 3.01, undersigned counsel for the Plaintiff certifies that the parties have conferred in good faith and reasonable efforts have been made to resolve the issues raised by the Motion, but that the parties were unable to resolve same.

Respectfully submitted this 9th day of June, 2011.

>**/s/ STACEY SCHULMAN**
>Stacey Schulman, Esq.
>Florida Bar No. 557595
>MORGAN & MORGAN, P.A.
>6824 Griffin Road
>Davie, Florida 33314
>Telephone: (954) 318-0268
>Facsimile: (954) 333-3515
>E-mail: Sschulman@forthepeople.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

>**/s/ STACEY SCHULMAN**
>Stacey Schulman