UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER DRZIK, on his own behalf and all similarly situated individuals, ) ) ) ) | |
| Plaintiff, ) ) | CASE NO. 3:11-CV-379-J-32MCR |
| vs. ) ) | |
| THE HASKELL COMPANY, a Foreign Profit Corporation, ) ) ) | |
| Defendant. ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS CERTAIN AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, The Haskell Company ("Defendant"), by and through the undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion to Dismiss Certain Affirmative Defenses to Plaintiff's Complaint ("Plaintiff's Motion"). In support of this Response, Defendant states as follows:

#### PROCEDURAL HISTORY AND STANDARD OF REVIEW

Plaintiff has filed a Motion to Dismiss Defendant's First, Third, Fifth and Fourteenth Affirmative Defenses, and in support thereof cites to Fed. R. Civ. P. 12(b)(6), which relates to dismissal for failure to state a claim upon which relief can be granted. However, this Court has previously stated that a motion such as that filed by Plaintiff should be framed as a motion to strike. *Taney v. Holding Co. of the Villages*, 2010 U.S. Dist. LEXIS 119084, *2 (M.D.Fla. 2010) ("Though [plaintiff] purports to file a motion to dismiss defenses under *Federal Rule of Civil*

*Procedure 12(b)(6)*, or alternatively, a motion for judgment on the pleadings under *Rule 12(c)*, this Court concludes his motion is better conceived as a motion to strike under *Rule 12(f)*.").

Motions to strike affirmative defenses are "disfavored, and several courts have characterized such motions as time-wasters." *Perez-Nunez v. North Broward Hosp. Dist.*, 2009 WL 723873 (S.D.Fla. 2009). Therefore, courts will only strike an affirmative defense if it has no possible relation to the controversy and will cause some form of prejudice to the plaintiff, or if it is insufficient as a matter of law because it appears that the defendant cannot succeed under any set of facts which it could prove. *Hansen v. ABC Liquors, Inc.*, 2009 U.S. Dist. LEXIS 108954, *2-3 (M.D.Fla. 2009); *Sembler Family Partnership #41, L.T.D. v. Brinker Florida, Inc.*, 2008 WL 5341175 (M.D.Fla. 2008); *Scelta v. Delicatessen Support Services, Inc.*, 57 F.Supp.2d 1327, 1347 (M.D.Fla. 1999); *Wlodynski v. Ryland Homes of Florida Realty Corp.*, 2008 WL 2783148, *1 (M.D.Fla. 2008); *Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, 1999 U.S. Dist. LEXIS 15294 (M.D.Fla. 1999).

Rule 8(b), Fed. R. Civ. P., which governs defenses, requires only that a party "state in short and plain terms its defenses to each claim asserted against it." In considering the sufficiency of an affirmative defense, courts must construe them so as to do justice. *Fed. R. Civ. P. 8(e)*. Therefore, courts will not strike "affirmative defenses" that are more appropriately characterized as denials, and will not strike affirmative defenses that only assert legal conclusions, provided the party asserting such defenses has "a plausible basis to allege these defenses, but only through discovery can … establish them." *Taney*, 2010 U.S. Dist. LEXIS at *3-5; *see also Hansen*, 2009 U.S. Dist. LEXIS at *8-9 (Court refuses to strike defense of set-off despite absence of specific factual support in the responsive pleading, stating, "[a]s resolution of this issue necessarily involves factual determinations as to what exactly was paid and/or owed,

the Court cannot say that the defense has no possible relationship to the controversy and no prejudice is apparent to awaiting a resolution on the merits.").

Plaintiff's Motion places special emphasis on the assumption that affirmative defenses are subject to heightened pleading requirements following the 2007 and 2009 United States Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, Plaintiff's position is incorrect and misguided.

A defendant is required by Rule 8(b) to "state in short and plain terms its defenses to each claim asserted against it, Fed. R. Civ. P. 8(b)(1)(B), whereas a plaintiff must provide "a short and plain statement *showing that the pleader is entitled to relief.* Fed. R. Civ. P. 8(a)(2) (emphasis added). *Twombly* and *Iqbal* both addressed the pleading requirements for a Plaintiff's Complaint, and in adopting the plausibility standard, the Supreme Court "relied heavily on the rule language purporting to require a 'showing' of entitlement to relief." 2 Moore's Federal Practice §8.08 (Matthew Bender 3d ed.). "The quite different rule language covering pleading of affirmative defenses should eliminate any plausibility requirement." *Id.*

Although Plaintiff facetiously proclaims "what's good for the goose is good for the gander," the commencement of a lawsuit does not position the defendant as even remotely resembling the plaintiff's "gander." Whereas a plaintiff enjoys the benefit of a comprehensive pre-suit investigation, the defendant is entitled to only 21 days to file a responsive pleading, and risks waiving any affirmative defenses not stated therein. Moreover, as the instant case demonstrates, the decisions in *Twombly* and *Iqbal* have done nothing to limit a plaintiff's ability to file a collective action on behalf a vast group of anonymous individuals, with no obligation to identify those individuals until months into litigation. However, the defendant is still subject to

the same time restrictions for filing a responsive pleading. Therefore, it is not unfair to hold affirmative defenses to a different pleading standard than allegations in a complaint.

Moreover, it would be an extremely inefficient waste of time, money, and judicial resources to require a defendant to repeatedly seek leave to amend its responsive pleading every time a plaintiff reveals additional evidence or a class member is added to an action. Perhaps it is not surprising, then, that this Court's decisions in *Taney* and *Hansen*, which are diametrically opposed to Plaintiff's position, were issued <u>after</u> the Supreme Court decided *Twombly* and *Iqbal*. The obvious implication of such timing is that this Court does not hold affirmative defenses to the standard that Plaintiff urges.

## **APPLICATION OF LAW TO THE CHALLENGED AFFIRMATIVE DEFENSES**

In the instant case, the affirmative defenses at issue are short and plain statements upon which Defendant relies to deny Plaintiff's claims. Furthermore, they are stated with sufficient specificity to put Plaintiff on notice of the defenses raised. Therefore, Plaintiff's Motion should be denied.

### **Defendant's First Affirmative Defense**

Plaintiff moves to dismiss or strike Defendant's affirmative defense that "Plaintiff's Complaint fails to state a claim upon which relief can be granted." This Court addressed and rejected motions to strike substantively identical affirmative defenses in *Taney* and *Hansen*. *See Taney*, 2010 U.S. Dist. LEXIS at *2-3 (noting that such a defense "may be asserted either in a responsive pleading or a motion," and that while the defendant "has thus far failed to relate that legal conclusion to the facts in this case … the Court will not strike it"); *Hansen*, 2009 U.S. Dist. LEXIS at *3-4 (treating the statement as "a denial, as it alleges only a defect in Plaintiff's prima

facie case," but noting that when a denial is incorrectly labeled as an affirmative defense, the proper remedy is not to strike it but to treat it as a specific denial).

In the instant case, Defendant is simply stating that Plaintiff has insufficient evidence to establish his claims. Therefore, this Court should treat the First Affirmative Defense as a specific denial, because there is no prejudicial harm to Plaintiff by allowing the affirmative defense to remain.

**Defendant's Third Affirmative Defense**

Plaintiff moves to dismiss or strike Defendant's affirmative defense that "Plaintiff's claims are barred because Defendant has at all times relevant to this action acted in good faith and in conformity with, and in reasonable reliance on, written and oral representations, interpretations and/or rulings of the Wage and Hour Administrator." Plaintiff suggests that this defense "is insufficient as it lacks sufficient factual details to support the allegations of 'good faith.'" Plaintiff's Motion at 6. However, the defense puts Plaintiff on notice that, at trial, Defendant may be arguing how its actions were made in good faith. Furthermore, the statement is a legitimate defense specifically set forth in the Portal-to-Portal Act, as amended, 29 U.S.C. § 259. Therefore, Defendant has given Plaintiff sufficient notice of the specific statute under which it intends to assert its good faith defense.

Plaintiff suggests that Defendant must cite specific representations, interpretations and rulings upon which it relied in making its compensation decisions with respect to Plaintiff. However, the parties have not yet conducted discovery and determined the exact nature of the work that Plaintiff claims disqualified his exempt status. Furthermore, Plaintiff purports to represent a class of individuals who are allegedly also entitled to unpaid wages under the FLSA, but are at this point anonymous.

As a consequence, Defendant cannot at this step of the litigation identify each and every basis for its good faith belief that it was acting in conformity with the FLSA, without first conducting discovery regarding the factual basis for Plaintiff's claims.  Moreover, Defendant's affirmative defense is plausible and viable under the FLSA, and Plaintiff will not be prejudiced if the affirmative defense is permitted to be resolved on the merits.  Therefore, the Court should deny Plaintiff's Motion as it concerns Defendant's Third Affirmative Defense.

**Defendant's Fifth Affirmative Defense**

Plaintiff moves to dismiss or strike Defendant's affirmative defense that "Plaintiff's claims, and the claims of classes of persons Plaintiff purports to represent, the existence of which are expressly denied, are barred in whole or in part by any exemptions, exclusions, or credits provided in the FLSA, 29 U.S.C. § 207."  Plaintiff incorrectly states that "Plaintiffs are without any kind of notice as to what the Defendant is alleging."  Plaintiff's Motion at p. 8.  To the contrary, Defendant has placed Plaintiff on notice that it expects to argue that Plaintiff and/or other potential class members are subject to exemptions, exclusions or credits from and/or against the FLSA's overtime provisions, and Defendant has identified the specific statute upon which it intends to rely.  As with Defendant's Third Affirmative Defense, there is simply no way for Defendant to provide a detailed factual basis in support of this affirmative defense, prior to the parties conducting discovery.  Furthermore, the affirmative defense is plausible and viable, as the exemptions, exclusions or credits set forth in Section 207 are directly relevant to Plaintiff's allegation of unpaid overtime compensation, and Plaintiff has not established any possible prejudice from the existence of the affirmative defense.

This Court in *Taney* declined to strike a similar, yet broader, affirmative defense, in which the defendant asserted that the plaintiff was subject to the "outside sales," "highly

compensated employee," and/or other unidentified exemptions from overtime pay and/or minimum wage requirements under the FLSA.

> These defenses state the legal conclusion that Taney is exempt but do not attempt to connect that legal conclusion to any facts in this case. However, the Court accepts [defendant's] argument that they have a plausible basis to allege these defenses, but only through discovery can they establish them. Thus, they need not be struck at this time.

*Taney*, 2010 U.S. Dist. LEXIS at *4-5. This Court should make the same conclusion in the instant case, and deny Plaintiff's Motion to strike the Fifth Affirmative Defense.

**Defendant's Fourteenth Affirmative Defense**

Plaintiff moves to dismiss or strike Defendant's affirmative defense that: "[t]o the extent Plaintiff seeks recovery of attorneys' fees, Plaintiff and the classes of persons Plaintiff purports to represent, the existence of which are expressly denied, are not entitled to such recovery." As with its First Affirmative Defense, Defendant is simply denying Plaintiff's ability to prove the claims asserted in his Complaint. In other words, Defendant is asserting that because it did not violate the FLSA, Plaintiff cannot recover attorneys' fees. This Court should decline to strike Defendant's Fourteenth Affirmative Defense and should instead treat it as a specific denial.

## CONCLUSION

At no point in Plaintiff's Motion does he make any showing of prejudice caused by Defendant's assertion of the abovementioned affirmative defenses, nor does he demonstrate that the defenses are unrelated to the controversy or insufficient as a matter of law. Instead, Plaintiff makes the amorphous suggestion that striking Defendant's affirmative defenses would somehow "level the playing field." However, symbolic victories are not a factor in the relevant analyses under Rules 8(e) and 12(f) of the Federal Rules of Civil Procedure, and this Court should deny Plaintiff's Motion.

WHEREFORE, Defendant The Haskell Company respectfully requests that this Court deny Plaintiff's Motion to Dismiss Certain Affirmative Defenses to Plaintiff's Complaint. Defendant further requests that it be awarded costs and fees that it reasonably incurred in responding to Plaintiff's frivolous Motion.

DATED this 24th day of June, 2011.

      Respectfully submitted,

      JACKSON LEWIS LLP
      245 Riverside Avenue, Suite 450
      Jacksonville, Florida  32202
      Telephone:     (904) 638-2655
      Facsimile:     (904) 638-2656

      By:     */s/Colin A. Thakkar*
           Richard N. Margulies
           Florida Bar No.  0607487
           margulir@jacksonlewis.com
           Colin A. Thakkar
           Florida Bar No.  0010242
           colin.thakkar@jacksonlewis.com

      Attorneys for Defendant THE HASKELL COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2011, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Richard Celler, Esquire, Morgan & Morgan, 6824 Griffin Road, Davie, FL 33314, Email - rceller@forthepeople.com.

      */s/Colin A. Thakkar*
          Attorney