**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTOPHER DRZIK, on his own
behalf and all similarly situated individuals,

     Plaintiff,

vs.              Case No. 3:11-cv-379-J-32MCR

THE HASKELL COMPANY, a
Corporation,

     Defendant.

_____

<u>ORDER</u>

   Plaintiff, Christopher Drzik, alleges that he was an employee of Defendant, The

Haskell Company, from July 1987 until February 2011 during which time he was not

compensated at one and one-half times his normal rate for hours worked in excess of a forty

(40) hour week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  (Doc.

1 at 4-5).  Haskell asserted multiple affirmative defenses in its answer (Doc. 6). Plaintiff

seeks to dismiss the First, Third, Fifth, and Fourteenth Affirmative Defense on the grounds

that a more detailed articulation of the defenses is required.  (Doc. 9).  Defendant has filed

a response in opposition (Doc. 12).

**I.  Standard of Review**

   Although Plaintiff has filed a motion to dismiss certain defenses under Federal Rule

of Civil Procedure 12(b)(6), the Court concludes that his motion is better viewed as a motion

to strike under Rule 12(f).  Rule 12(f) states that "the court may order stricken from any

pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed.R.Civ.P. 12(f).  A defense will be stricken if it is insufficient as a matter of law.

See Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314 (S.D.Fla. 2005)

(quoting Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F.Supp. 992, 1000 (M.D.Fla.

1976)(a defense is insufficient as a matter of law if, on the face of the pleadings, it is patently

frivolous, or if it is clearly invalid as a matter of law)).

Affirmative defenses must also comply with the general pleading requirements of Rule

8(a)**,** which requires a "short and plain statement" of the claimed defense.  Although Rule 8

does not obligate a defendant to set forth detailed factual allegations, a defendant must

provide "fair notice" of the defense and "the grounds upon which it rests."  Bell Atlantic v.

Twombly, 550 U.S. 544, 555 (2007).  By definition, an "affirmative defense" is established

when a defendant admits to the essential facts of the complaint, but sets forth other facts in

justification and/or avoidance.  See Boldstar Technical, L.L.C. v. Home Depot, Inc., 517 F.2d

1283 (S.D.Fla. 2007).  A defense that simply points out defects or flaws in the complaint is

not an affirmative defense.  See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th

Cir.1988*).*

## II.     Discussion

### A.     First Defense

Haskell's First Affirmative Defense states, "Plaintiff's Complaint fails to state a claim

upon which relief can be granted."  (Doc. 6 at 5).  Under Rule 12(b), this defense may be

asserted either in a responsive pleading or in a motion.  Haskell has chosen to assert this

defense (which is essentially a motion to dismiss) in its answer as is permitted by Rule 12.

2

The foregoing statement is not an affirmative defense, but a denial, as it alleges only a defect in the Plaintiff's prima facie case.  Rawson Food Service, 846 F.2d at 1349.  When a party incorrectly labels a "negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [to] strike the claim, but rather to treat it as a specific denial."  Home Mgmt. Solutions, Inc. v. Prescient, Inc., 2007 WL 2412834, at *3.  Although Haskell has failed to relate the legal conclusion in its First Affirmative Defense to the facts of this case, the Court will treat this defense as a denial and will not strike it.  Plaintiff's Motion is denied as to this defense.

### B.     Third and Fifth Defenses

Haskell's Third and Fifth Affirmative Defenses respectively claim that Plaintiff's claims are barred because Haskell has acted in good faith, and because of the existence of exceptions, exclusions, or exemptions provided in the FLSA.  (Doc. 6 at 6).  These affirmative defenses correctly state that a "good faith" defense and exceptions exist under the FLSA.  See 29 U.S.C. §§ 207, 260.  However, the affirmative defenses, as drafted, are lacking in sufficient details and fail to provide the requisite notice of the theory of the defense.  See Twombly, 550 U.S. at 556 (explaining the need for factual support to give defendant fair notice of claims, but equally applicable to defenses).  The requirement  to include factual support to provide fair notice of claims is also applicable to affirmative defenses.  Therefore, if Haskell intends to pursue these defenses it will need to plead some factual basis to give the Plaintiff fair notice of its defense.  Therefore, Plaintiff's Motion is granted as to the Third and Fifth Affirmative Defenses and those defenses are stricken with leave to amend.

**C.     Fourteenth Defense**

Haskell's Fourteenth Affirmative Defense asserts that Plaintiff is not entitled to recover attorney's fees.  (Doc. 6 at 8).  The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  Thus, without deciding whether attorney's fees will ultimately be awarded, Plaintiff's Motion as to the Fourteenth Affirmative Defense is granted and the Court will strike the Fourteenth Affirmative Defense.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Strike Defendant's Affirmative Defenses to Plaintiff's Complaint (Doc. 9)  is **GRANTED in part and DENIED in part** as stated herein.  No later than **August 22, 2011**, Defendant may, if it has a basis to do so, file an Amended Answer and Affirmative Defenses to reassert its Third and Fifth Affirmative Defenses.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of July, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

kz
Copies:
counsel of record

4