UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER DRZIK, on his own behalf
and all similarly situated individuals,

     Plaintiff,

v.                                  CASE NO.:  3:11-cv-00379-TJC-MCR

THE HASKELL COMPANY, a Foreign
Profit Corporation

     Defendant.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, AND UPON COURT APPROVAL, FOR DISMISSAL OF THE ACTION *WITH PREJUDICE*

Plaintiff, Christopher Drzik ("Plaintiff"), and Defendant, The Haskell Company, (Plaintiff and Defendants collectively the "Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter, and upon Court approval of the terms, dismiss the entire action *with prejudice*. Since Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement must be approved by this Court. In support of this Motion, the Parties state as follows:

### STATEMENT OF FACTS

1.     On April 21, 2011, Plaintiff filed his Complaint seeking relief under the FLSA alleging The Haskell Company's ("Defendant") failure to pay him overtime compensation that was due. [D.E. #1]

2.     On May 19, 2011, Defendant filed its Answer and Affirmative Defenses arguing that Plaintiff had been properly compensated and that Plaintiff was an exempt employee. *See* [D.E. #6].

3.      Plaintiff filed a Motion to Dismiss some of Defendant's affirmative defenses on June 9, 2011 and despite Defendant's Response to Plaintiff's Motion, said Motion was granted, in part, on July 22, 2011.  *See* [D.E. #9, 12, 13].

4.      Defendant filed its Amended Answer and Affirmative Defenses on August 22, 2011. *See* [D.E. #17].

5.      While Plaintiff asserted he was owed overtime for certain of Defendant's projects based on the non-exempt work that he was performing, Defendant contended that Plaintiff's position remained exempt with a primary duty of supervision.  Defendant claimed that it had acted in good faith in compliance with the FLSA and was not willfully in violation, if any violation were found.

6.      Pursuant to the Court's FLSA Scheduling Order and given the risks associated with each side's position, the Parties underwent *extensive* settlement discussions. The Parties reviewed the factual and legal issues in this matter including the nature and amount of work performed by Plaintiff.

7.      After review of the Court's Interrogatories, Defendant's Verified Summary, as well as lengthy discussions as to the facts of the case, the Parties were able to reach a settlement to resolve Plaintiff's claims.

8.      While Defendant maintains it is not liable for any violations of the FLSA, it agreed to pay Plaintiff all his unpaid wages as well as an equal amount in liquidated damages. Furthermore, an additional amount was designated to compensate Plaintiff's counsel so that Plaintiff's recovery will in no way be compromised by his recovery in this matter.

9.      The Parties memorialized the terms of their resolution in a "Confidential Settlement Agreement."[1]

## MEMORANDUM OF LAW

Pursuant to the Court's October 31, 2011 Order [D.E. #22], the Parties seek approval of the settlement reached between them.  The case law regarding settlement of FLSA claims sets out two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA permits employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).

Additionally, claims under the FLSA can be settled and released by an employee upon court approval in the context of a lawsuit brought by the employee. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

---

[1] Pursuant to the Parties Joint Motion for Leave to Provide the Settlement Agreement In Camera [D.E. #25], the Parties will provide the agreement in whatever format designated by the Court for review.

*Lynn's Food Stores,* 679 F.2d at 1354.

As this lawsuit was based on Plaintiff's FLSA claims, the Parties seek approval of the settlement reached between them.  This settlement compensates Plaintiff in full for alleged back wages and alleged liquidated damages under the FLSA.  Therefore, no further inquiry into this issue is necessary by the Court.  *See MacKenzie v. Kindred Hospitals East, LLC.,* 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003)(noting that there was no need for judicial scrutiny of the recovery when the Plaintiff had been offered full relief).  Furthermore, his counsel will be paid a negotiated amount of attorneys' fees and costs by Defendant, such that Plaintiff does not pay any fees or costs in settlement of this case to his counsel. The amount to be paid to counsel was agreed upon separately from the recovery to Plaintiff and is an amount that the Parties agree is reasonable given the work involved with this case. *See Bonnetti v. Embarg Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009) (wherein the Court found that where fees are negotiated separate and apart from the compensation to Plaintiff then there is no further need for the Court to inquire into the reasonableness of the fee). The parties submit that the settlement is thus a fair and reasonable resolution and respectfully request approval of same.

WHEREFORE, Plaintiff and Defendant respectfully request that this Honorable Court enter an order granting their Joint Motion for Settlement Approval, and Upon Court Approval, a Dismissal of this Action, with prejudice.

Respectfully submitted this 10th day of January, 2012.

**/s STACEY SCHULMAN**                      **/s RICHARD MARGULIES**
Stacey Schulman, Esquire                    Richard Margulies, Esquire
FL Bar No.: 557595                          FL Bar No.: 0607487

MORGAN & MORGAN, P.A.
6824 Griffin Road
Davie, Fl 33314
Tel: 954-318-0268
Fax: 954-333-3515
Email: SSchulman@forthepeople.com

JACKSON LEWIS LLP
245 Riverside Avenue
Suite 450
Jacksonville, Florida 32202
Telephone: (904) 638-2655
Email: margulir@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 10, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**/s/ STACEY SCHULMAN**
Stacey Schulman, Esquire