UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER DRZIK,

        Plaintiff,

vs.                                                Case No. 3:11-cv-379-J-32MCR

THE HASKELL COMPANY,

        Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the parties' Joint Motion for Leave to Provide Confidential Settlement Agreement *In Camera* for Review (Doc. 25) filed January 10, 2012.

In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the Fair Labor Standards Act ("FLSA") may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Id. at 1353. Here, the parties ask for leave to submit the settlement agreement for in camera inspection. However, the parties have not provided sufficient justification for this request. Indeed, the parties claim they should be permitted to file the settlement agreement under seal because confidentiality is a material term of the agreement and is part of the consideration provided in exchange for the amount paid to

-1-

resolve the litigation.  (Doc. 25, p. 3).  "The fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record open to the public."  Scott v. Memory Company, LLC, No. 3:09cv290, 2010 WL 4683621, *2 (M.D. Ala. Nov. 10, 2010); see also, Huntsinger v. Roadway Specialty Devices, Inc., No. 8:09-cv-1798-T-33MAP, 2009 WL 3697989 (M.D. Fla. Nov. 3, 2009) (denying parties' request to submit FLSA settlement agreement for in camera inspection because parties failed to show good cause or any potential harm if public were to have access to agreement and noting "[t]he document at issue in the Motion—a settlement agreement in a FLSA case—does not fall into one of the categories, such as discovery materials, that are generally shielded from public exposure.").  Additionally, exposure to possible "copycat lawsuits" or potential harm to client relations are similarly not sufficient to outweigh the "public's independent interest in access to the judicial record of this FLSA dispute."  Scott, 2010 WL 4683621, at *2 (rejecting arguments that not sealing agreement will lead to gossip about settlement by employees or that the settlement might be mistakenly perceived as admission of liability).

      Moreover, as Judge Merryday noted:

> Reviewing an FLSA settlement agreement under seal
> conflicts with the public's access to judicial records,
> frustrates appellate review of a judge's decision to approve
> (or reject) an FLSA compromise, contravenes congressional
> policy encouraging widespread compliance with the FLSA,
> and furthers no judicially cognizable interest of the parties.  A
> proper consideration of the intent of Congress and the
> public's interest in judicial transparency permits only one
> method to obtain judicial review of a compromise of an FLSA

> claim. The parties must file the settlement agreement in the public docket.

Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1246 (M.D. Fla. 2010). Accordingly, the undersigned will deny the parties' request to submit the settlement agreement for <u>in camera</u> inspection. The parties shall file the proposed settlement agreement no later than **Monday, January 23, 2012.**

In addition, the Court will advise the parties that if they submit a proposed FLSA settlement that:

> (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

Bonetti v. Embarq Mgmt. Co., No. 6:07-cv-1335-Orl-31GKJ, 2009 WL 2371407, at *5 (M.D. Fla. Aug. 4, 2009). Accordingly, the parties shall ensure the agreement clearly establishes whether Plaintiff's claims have been compromised and, if so, the factors and reasons considered in reaching the compromise. The Court notes Plaintiff's estimates of the unpaid overtime to which he claims he was entitled. (Doc. 20, Ex. A). If the settlement amount is not equal to this amount, the parties must provide sufficient

information for the Court to determine whether the Plaintiff's decisions to compromise his claim was reasonable.[1]  Moreover, the parties must identify the bona fide dispute(s) resolved by the compromise and the reasons for the compromise.   The Court will also caution the parties about settlement agreement provisions which provide for the Court to retain jurisdiction to enforce the terms.  While the Court wishes to help the parties facilitate their settlement, the Court will not routinely retain jurisdiction to enforce the terms of a private settlement agreement.  Thus, if the parties wish for the Court to retain jurisdiction to enforce the terms of their agreement, they must submit a memorandum of law with authority supporting this request or file a revised proposed settlement agreement without this provision.

Finally, the parties should be aware that the Court will not approve or enforce any provisions in a settlement agreement calling for keeping the terms of the settlement confidential or prohibiting disparaging remarks, as such provisions contravene FLSA policy (see Dees, 706 F.Supp.2d at 1242-43) and attempt to limit Plaintiff's rights under the First Amendment (see Valdez v. T.A.S.O. Properties, Inc., No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1, n.1 (M.D. Fla. Apr. 28, 2010) (holding FLSA settlement agreements which include non-disparagement provisions "contemplate judicially imposed 'prior restraint[s]' in violation of the First Amendment")).

Accordingly, after due consideration, it is

**ORDERED**:

---

[1] For obvious reasons, the Court also denies the parties' request to redact parts of the Settlement Agreement reflecting settlement amount.

The parties' Joint Motion for Leave to Provide Confidential Settlement Agreement *In Camera* for Review (Doc. 25) is **DENIED.**  The parties shall file the proposed settlement agreement and if necessary, a supplement to their Joint Motion for Approval of Settlement (Doc. 26) containing the above-mentioned information no later than **Monday, January 23, 2012.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  11th  day of January, 2012.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record