# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER DRZIK, on his own behalf and all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>THE HASKELL COMPANY, a Foreign corporation,<br><br>Defendant. | CASE NO. 3:11-CV-379-J-32MCR |

### SETTLEMENT AGREEMENT AND GENERAL RELEASE

The Parties to the above-referenced action, THE HASKELL COMPANY ("HASKELL" or "Defendant") and CHRISTOPHER DRZIK, his heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Settlement Agreement and General Release as "Plaintiff"), agree that:

1.   **Consideration.** In consideration for the execution by Plaintiff of this Settlement Agreement and General Release ("Agreement"), and his compliance with the promises made herein, Defendant agrees to pay the total gross sum of Sixty Thousand Dollars and Zero Cents ($60,000.00) (the "Payment") to Plaintiff and his attorney within twenty (20) business days after receipt of: a) this Agreement containing Plaintiff's original signature; b) the Court's entry of an Order approving this settlement and dismissing the case of *Christopher Drzik v. The Haskell Company*, pending in the United States District Court for the Middle District of Florida, Case No. 3:11-CV-379-J-32MCR (the "Litigation"); and c) a W-9 Form for Morgan & Morgan, P.A, and Christopher Drzik.

The Payment shall be made as follows:

a.   two checks payable to Christopher Drzik in full satisfaction for any and all claims Plaintiff may have and for all unpaid compensation as sought in the Litigation as follows: (i) one check for unpaid wages in the sum of Twenty-one Thousand Dollars and Zero Cents ($21,000.00), *less applicable deductions and withholdings* (a Form W-2 shall be issued to Plaintiff which reflects this sum); and (ii) one check for liquidated damages and for the General Release of All Claims as described in Paragraph 4 herein, in the sum of Twenty-three Thousand Dollars and Zero Cents ($23,000.00) (a Form 1099 shall be issued to Plaintiff which reflects this sum).

b. a check payable to Morgan & Morgan, P.A. in the sum of Sixteen Thousand Dollars and Zero Cents ($16,000.00) for all attorneys' fees and costs related to the Litigation. Defendant shall issue a Form 1099 to the Morgan & Morgan, P.A. [Tax ID# 59-2920684] and Plaintiff in said amount.

Each Party shall bear his or its own costs and attorneys' fees related to the Litigation and this Agreement except as otherwise provided within this Agreement.

Plaintiff is specifically aware of, and agrees with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this Litigation. Defendant makes no representations regarding the taxability of the amounts paid to Plaintiff and/or Morgan & Morgan, P.A. Plaintiff agrees to pay his portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement. In the event Plaintiff fails to do so, Plaintiff agrees that he will indemnify Defendant for any such tax liability that may be imposed on Defendant by any taxing authority.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that he would not receive the Payment specified in Paragraph "1" above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

3. **Dismissal of Action.** The Parties collectively consent to the dismissal of the Litigation with prejudice. The Parties will dismiss the Litigation, with prejudice, by causing their counsel to execute and file the Joint Stipulation of Dismissal With Prejudice attached as Exhibit "A" to this Agreement upon execution of this Agreement by Plaintiff and will execute any further papers necessary to accomplish that dismissal. It is expressly understood that Defendant's obligation to make the Payment is contingent upon the Court entering an Order dismissing the Litigation with prejudice.

4. **General Release of All Claims.** Except as outlined in Paragraph 5, the Parties knowingly and voluntarily release and forever discharge each other, and as it concerns Defendant, its respective affiliates, subsidiaries, divisions, predecessors, co-employers, insurers, successors and assigns, and their current and former employees, attorneys, shareholders, partners, officers, directors, board members, owners and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which either Party has or may have as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- Claims of violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., which are or could have been encompassed in the Litigation, specifically including, but not limited to, claims of retaliation under 29 U.S.C. §215(a)(3);
- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;

2

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family Medical Leave Act;
- The Equal Pay Act;
- The Florida Civil Rights Act;
- The Florida Equal Pay Law;
- The Florida Wage Payment Laws;
- The Florida Wage Discrimination Law;
- The Florida Private Whistleblower Act;
- Florida's AIDS Act;
- Florida's Domestic Violence Leave Law;
- Florida's Preservation and Protection of the Right to Keep and Bear Arms in Motor Vehicles Act;
- Florida wage payment laws;
- Florida's statutory provision prohibiting retaliation or discrimination for filing a Worker's Compensation claim;
- any claim that has been or could have been alleged in the Litigation;
- any other federal, state or local law, regulation or ordinance;
- any public policy, contract, tort or common law claim; and
- any claim for costs, fees or other expenses, including attorneys' fees incurred in these matters.

Subject to the exception in Paragraph 5, if any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a Party.

5. **Acknowledgments and Affirmations.**

Plaintiff affirms that he has not filed, caused to be filed, or presently is not a Party to any claim against Defendant except for the Litigation referenced above. The Parties agree to execute the appropriate documents, stipulations, pleadings and/or forms necessary to effectuate the dismissal, with prejudice, of the Litigation and any other administrative charges which may be pending with any federal, state, or local government agency.

Plaintiff affirms that he will not in the future file, process, encourage, aid, or participate in any suit, claim, charge, complaint, investigation, or demand of any kind whatsoever, whether brought in his individual name or otherwise, involving Releasees, directly or indirectly, in any local, state, or federal court or with any governmental, administrative,

investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Agreement, unless he is required to do so by legal process. If a subpoena or legal process is issued, Plaintiff will notify counsel for Defendant, in writing, at least ten (10) days before responding to the subpoena or legal process, at the following address: Richard N. Margulies, Esq., Jackson Lewis LLP, 245 Riverside Ave; Suite 450; Jacksonville, Florida 32202; phone: 904-638-2660; fax: 904-638-2656.

Plaintiff affirms, with the Payment of the consideration specified herein, that he has been paid and/or has received **all** compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled as a consequence of his employment by or separation from employment with Defendant. Plaintiff further affirms he is aware of his obligations to make any tax payments and forward payments to the Internal Revenue Service for any Payments received under this Agreement. Plaintiff affirms that he has been granted any leave to which he was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

**Despite the aforementioned releases and the fact that he has no pending claims, Plaintiff specifically is not agreeing to waive or release Defendant from any claim for workplace injuries or any occupational diseases. Plaintiff specifically reserves the right to pursue claims for injuries or diseases arising from his employment with Defendant.**

Plaintiff also affirms that he has not and will not divulge any proprietary or confidential information of Defendant and will continue to maintain the confidentiality of such information consistent with Defendant's policies and his agreement(s) with Defendant and/or common law.

Plaintiff further affirms that he has not been retaliated against for reporting any allegations of wrongdoing by Defendant or its shareholders, partners, officers, including any allegations of corporate fraud. All Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies.

The Parties affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

6.     **Confidential Proprietary Information   and Return of Property.** Plaintiff affirms he has not divulged any proprietary or confidential information of Releasees and will not divulge such information at anytime hereafter. Plaintiff affirms that, within five (5) days from the date he signs this Agreement, he will return all of Defendant's property, documents, and/or any confidential information that he may still have in his possession or control. Plaintiff also affirms that he is in possession of all of his property that he had at the Defendant's premises and that Defendant is not in possession of any of his property.

4

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflicts of law provisions. In the event of a breach of any provision of this Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction, and cannot be modified to be enforceable, excluding the General Release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **No Application/No Duty to Re-Hire.** Plaintiff acknowledges that because of circumstances unique to him, including, but not limited to, irreconcilable differences with Releasees, he shall not apply in the future for employment with Releasees. In the event Plaintiff does apply for employment with Releasees, Plaintiff acknowledges that Releasees have no duty to consider him for re-hire.

10. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

11. **Entire Agreement and Counterparts.** Except for as provided in Paragraph 5, this Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to him in connection with the decision to accept this Agreement and, except for those set forth in this Agreement.

This Agreement may be executed in two or more identical counterparts (including by facsimile or pdf), which, when delivered, shall constitute one and the same instrument and shall be enforceable as if all of the Parties had executed a single document.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND GENERAL RELEASE, THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE PAYMENT SET FORTH IN PARAGRAPH "1"

ABOVE, THE PARTIES FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THE PARTIES HAVE OR MIGHT HAVE AGAINST THE OTHER.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

The Parties knowingly and voluntarily sign this Settlement Agreement and General Release as of the date(s) set forth below:

| CHRISTOPHER DRZIK | THE HASKELL COMPANY |
|---|---|
| By: *[signature]* | By: _____ |
| Date: 21 Jan 2011 | Date: _____ |

*[Notary stamp: K. SCHWABLE, Notary Public - State of Florida, My Comm. Expires Jul 17, 2014, Commission # EE 7972, Bonded Through National Notary Assn.]*

*[signature: KSchwable]*

Stacy Skalman Esq
Morgan & Morgan, P.A.
954-333-3515 Fax
954-318-0268

6

**EXHIBIT "A"**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CHRISTOPHER DRZIK,

    Plaintiffs,

vs.

THE HASKELL COMPANY,      CASE NO: 3:11-CV-379-J-32MCR
A Foreign Corporation,

    Defendant.
_____/

**JOINT STIPULATION OF DISMISSAL *WITH PREJUDICE***

    Plaintiff, CHRISTOPHER DRZIK, and Defendant, THE HASKELL COMPANY, through their undersigned counsel, pursuant to Fed. R. Civ. P. 41, jointly move the Court for dismissal of this case with prejudice. Plaintiff's claims were resolved without compromise, based on information received in informal discovery and thus, judicial review and approval of the Settlement Agreement is not required under *Lynn Foods*.

    Wherefore, the Parties respectfully request that the Court enter an order dismissing this case in its entirety with prejudice.

    Respectfully submitted this 23rd day of January, 2012.

| | |
|---|---|
| */s/ Stacey Schulman* | */s/ Richard N. Margulies* |
| Stacey Schulman, Esq. | Richard N. Margulies |
| Florida Bar No.: 557595 | Florida Bar No.: 0607487 |
| Email: sshulman@forthepeople.com | Email: margulir@jacksonlewis.com |
| MORGAN & MORGAN, P.A. | JACKSON LEWIS LLP |
| 6824 Griffin Road | 245 Riverside Ave; Suite 450 |
| Davie, FL 33314 | Jacksonville, FL 32202 |
| (954) 318-0268 Telephone | (904) 638-2655 Telephone |
| (954) 333-3515 Facsimile | (904) 638-2656 Facsimile |
| Trial Counsel for Plaintiff | Trial Counsel for Defendant |

4821-8023-9884, v. 1